**In re the Marriage of Peggy L. TIESO, f.k.a. Peggy Hansen, petitioner, Appellant,**

**v.**

**Duane LeRoy HANSEN, Respondent.**

**No. C7–83–2066.**

Court of Appeals of Minnesota.

June 26, 1984.

Peggy L. Tieso, pro se.

Duane LeRoy Hansen, pro se.

Considered and decided by WOZNIAK, P.J., HUSPENI, J., and NIERENGARTEN, J., with oral argument waived.

WOZNIAK, Judge.

Tieso appeals the trial court's denial of her motion to regain custody of her child. We affirm.

### FACTS

This child custody battle has been raging for five years. The parties have been up and down our court system in a plethora of vexatious motions, suits, and appeals. As one of the trial judges noted:

> Now, just a minute. I'm just going to say my peace [sic]. I listened for four long days. I've read this file. This constant being in our courts, 14 or 16 times in two years, is absolutely outrageous.

After a veritable judicial and social services merry-go-round with joint custody, a "final custody trial" was held on January 5, 1982, before a Family Court judge. Tieso was granted custody of the child, Nathan, on grounds that she could provide "the more stable environment" for the child. The judge relied on the fact that Tieso had remarried, had a nice house in which to raise Nathan, and did not intend to leave Minnesota. In actual fact, Tieso had been divorced from her second husband two years before, put the house on the market to be sold about a month after the order, and made plans to attend law school in California.

Several months later, Tieso petitioned the trial court to allow her to remove the child to California. The Family Court judge denied the motion and ordered that if Tieso left the state, she must immediately place Nathan with his father. Tieso appealed to the Minnesota Supreme Court while simultaneously bringing actions before the United States District Court and a Hennepin County District Court referee. The referee denied Tieso's motion and granted custody of Nathan to his father, Hansen. Tieso consolidated an appeal from the referee's decision with the previous appeal to the Minnesota Supreme Court. She then left for California, leaving Nathan with Hansen.

Tieso returned to Minnesota in June of 1983, after transferring to a local law school. On June 7, 1983, the Supreme Court issued an order of remand requiring a full evidentiary hearing pursuant to *Auge v. Auge*, 334 N.W.2d 393 (Minn.1983). The order did, however, specifically keep both the Family Court judge's second order and the referee's order in effect.

After receiving the remand, Tieso moved on June 30, 1983 that the child be immediately returned to her. A second Family Court judge denied the motion. Tieso then petitioned the Minnesota Supreme Court for a Writ of Mandamus. The writ was denied on August 1, 1983. Tieso then moved for temporary custody. A motion was heard before yet a third Family Court

judge. On December 5, 1983, that judge denied Tieso's motion for temporary custody, noting that Nathan had been in his father's care for over a year. That judge scheduled a full hearing in February 1984, to determine custody. On December 21, 1983, Tieso petitioned this court for a Writ of Mandamus. This court denied the petition. Tieso now returns to this court with an appeal from the December 5 order. The February evidentiary hearing was stayed because of this appeal.

## ISSUE

Did the trial court correctly deny Tieso's motion for temporary custody?

## ANALYSIS

▮ In *Auge v. Auge*, 334 N.W.2d 393 (Minn.1983), the Minnesota Supreme Court mandated that an evidentiary hearing must be held before denying permission for a custodial parent to remove a child from the state. Such a hearing was not held before the trial court denied Tieso's motion to remove the child. On remand from the Supreme Court, such a hearing was ordered. Since Tieso has returned, however, the issue is moot and no hearing pursuant to *Auge* is required.

Tieso seeks immediate custody of her child based on the last sentence of *Auge*, which states:

> In view of the fact that appellant will have returned to Minnesota by the time our decision is released, we direct that the original custody order be reinstated and the child be returned to appellant pending a further hearing.

*Id.* at 400. This statement is not a holding or even dictum. It is merely a directive based on the unique facts of that case.

▮ The child Nathan, now five years old, has been in his father's custody for over two years. To wrench the child from his father's care without an evidentiary hearing would not be in the child's best interests. The trial judge was acting well within her discretion in denying Tieso's petition and ordering an evidentiary hearing.

This court can well understand why Tieso may not welcome the scrutiny of an evidentiary hearing. We note there is substantial evidence in the record that, in the original modification hearing, Tieso misrepresented her marital status and other facts concerning how stable an environment she could provide for the child. At present, the child has been with his father for almost half of his life. The prolonged custody battle and the unrestrained utilization of the judicial system certainly have not been in the best interests of this minor child. An evidentiary hearing is necessary to finally determine custody and to finally seek to serve those best interests.

## DECISION

The trial court did not abuse its discretion by denying immediate custody and ordering an evidentiary hearing to determine custody of the parties' child.

Affirmed.